```
                   UNITED STATES  DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

DAPHNE D. HAMMOND                              CIVIL ACTION
ON BEHALF OF THE MINOR J.M.H.

VERSUS                                         NUMBER: 10-2950

MICHAEL J. ASTRUE,                             SECTION: "A"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION
```

### REPORT AND RECOMMENDATION

On September 7, 2010, Daphne D. Hammond, pro se plaintiff herein who appears on behalf of her minor child, J.M.H., filed the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying the application for Social Security benefits she had filed for the child. (Rec. doc. 1).

After the government had filed its answer to plaintiff's complaint, on March 3, 2011, the Court issued its standard Briefing Order directing plaintiff to file a motion for summary judgment on or before March 31, 2011 with defendant to do likewise by May 2,

2011. (Rec. docs. 8, 10). A copy of the Briefing Order was mailed to plaintiff at her address of record and has not been returned as undeliverable. After the due date for the filing of plaintiff's motion for summary judgment had passed and a review of the record revealed that she had failed to do so, on April 20, 2011, the Court ordered plaintiff to show cause, in writing and on or before May 4, 2011, as to why her lawsuit should not be dismissed for failing to comply with the Briefing Order. (Rec. doc. 11). Once again, a copy of the latter order was mailed to plaintiff at her address of record and has not been returned as undeliverable. Unfortunately, no response to the show cause order has been forthcoming from plaintiff and the Court has received no communication from her indicating that she was unable to do so for reasons beyond her control.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute her case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the

extent to which the plaintiff, rather than her counsel, is responsible for the delay or the failure to comply with the court's orders.  <u>Markwall v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is proceeding <u>pro se</u> in this matter, the Court must consider her action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiff's case in a proper posture to be litigated to its completion.  Unfortunately, those efforts have been thwarted by plaintiff in failing to respond to the Court's Briefing Order and the show cause order.  As plaintiff is not represented by counsel in this case, these failures are attributable to her alone.  Accordingly, it will be recommended that plaintiff's lawsuit be dismissed with prejudice under Rule 41(b), Fed.R.Civ.P.

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  6th  day of _____May_____, 2011.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE